Sheehan & Associates, P.C.                                               505 Northern Blvd Ste 311, Great Neck NY 11021-5101
spencer@spencersheehan.com                                        tel. 516.303.0552        fax 516.234.7800

April 9, 2020

District Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                Re:   1:20-cv-01084-VEC
                        Hamilton v. Orgain, Inc.

Dear District Judge Caproni:

      This office represents the plaintiff. In accordance with your Honor's Individual Rules of Practice in Civil Cases, the parties submit this joint letter in advance of the conference of insert date.

### 1. Brief description of the action and principal defenses

#### a. Plaintiff's Position

      Plaintiff alleges that defendant's vanilla almond milk is represented in a way that misleads consumers and violates New York General Business Law ("GBL") §§ 349-350. The complaint alleges the Product's front label fails to truthfully designate the contents of the product by failing to disclose the non-vanilla flavoring, which defendant is required to do.

      According to defendant, this is a prohibited and preempted attempt to privately enforce federal food labeling regulations. In the context of food labeling, "express preemption and implied pre-emption create a 'narrow gap' through which a plaintiff's state-law claim must fit if it is to escape express or implied pre-emption." *Elkind v. Revlon Consumer Prods. Corp.*, 14-cv-2484, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015); *see* 21 U.S.C. § 343-1(a)(1)-(5) ("no state or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce" where federal standards are established); *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *6 ("[T]here are two ways plaintiffs may escape [the FDCA's] preemptive force: (1) if the plaintiffs' claims seek to impose requirements that are identical to those imposed by the FDCA; or (2) if the requirements plaintiffs seek to impose are not with respect to claims of the sort described in [the Act].").

      However, plaintiff does not seek to impose additional requirements on defendant beyond what it is already required by law to do. If defendant were to make the label modifications described in the complaint, this would result in products labeling no longer violating the law.

      To the extent defendant challenges the warranty claims based on the absence of privity, the New York Court of Appeals "'dispensed with" the privity requirement in actions "for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods." *Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 quoting *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y. 2d 5 at 11 (1962).

Defendant opposes plaintiff's request for injunctive relief to correct the challenged representations, because plaintiff is now aware of the alleged misrepresentations and is not in danger of being deceived again. However, defendant's argument ignores that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." *Id*.

Whether plaintiff's unjust enrichment claims are duplicative can only be ascertained in the event of a decision from this Court on the common law and statutory claims. There may be a circumstance where the allegations fail to fit within one of the specific state law claims yet suffice to state a claim for unjust enrichment.

### b. Defendant's Position

Defendant intends to file a Rule 12 motion to dismiss for the following reasons. Plaintiff's claims under New York's General Business Law fail for several reasons. Defendant's almond milk labeling does not plausibly mislead reasonable consumers. In describing its product as "Almondmilk", "Unsweetened" and "Vanilla", Defendant is describing the product's taste, not its ingredients. Defendant's ingredient listing explicitly states that it is flavored with "natural flavors".

Plaintiff attempts to enforce the Federal Food, Drug and Cosmetic Act ("FFDCA") and its associated regulations, through a private right of action, which the FFDCA prohibits.

Plaintiff's negligent misrepresentation claim fails because: (a) Orgain owes him no duty of care stemming from a "special relationship," (b) the economic loss rule bars the claim, and (c) it is not plead with the requisite particularity.

Plaintiff's warranty claims also fail for three reasons. First, as to all warranties, Plaintiff fails to allege the required pre-suit notice. Second, again as to all warranties, Plaintiff fails to allege the required privity. Third, as to implied warranties, Plaintiff fails to allege the almond milk is non-merchantable and unfit for human consumption.

Plaintiff's fraud claim fails because he fails to: (a) allege facts that give rise to a strong inference of fraudulent intent, and (b) plead with the particularity required to state a fraud claim. Plaintiff fails to specify which product he purchased, where he purchased the product, when he purchased that product or for how much he purchased that product. Without this information, particularity is lacking and the allegations additionally are insufficient to invoke New York law, to seek damages for a price premium not alleged, or to demonstrate injury within the relevant statutes of limitation.

Plaintiff's unjust enrichment claim fails because it merely duplicates his other causes of action and adequate remedies exist at law. Further, Plaintiff lacks standing to seek injunctive relief because he alleges, and can allege, no plausible likelihood of deception in the future. Finally, Plaintiff is unable to proceed on behalf of putative class members in the other 49 states because he

lacks standing to represent putative class members who are citizens of, and engaged in transactions in, other states.

### 2. Jurisdiction

Plaintiff has asserted diversity jurisdiction under 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA"). Plaintiff is a citizen of Bronx County, New York. Defendant is a citizen of California.

Plaintiff has alleged the amount in controversy exceeds the jurisdictional threshold. Venue lies in this jurisdiction because Plaintiff is a resident of this district, which is where "a substantial part of the events or omissions giving rise to the claim occurred," *viz*, the consumption of the products and where Plaintiff was made aware of the alleged misleading representations.

Defendant agrees that Plaintiff properly alleges venue, as well as Defendant's citizenship and an amount in controversy sufficient to establish subject matter jurisdiction. To the extent discovery demonstrates material inaccuracies in these allegations, the parties shall promptly inform the Court.

### 3. Brief description of all contemplated and/or outstanding motions

Defendant intends to file a Rule 12 motion for the reasons stated above. Plaintiff intends to file a motion for class certification under Rule 23. To the extent not sooner resolved, Defendant foresees a Rule 56 motion and will contest Plaintiff's Rule 23 motion.

### 4. Brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations

The parties are willing to, but have not engaged yet in discovery or material settlement negotiations. Plaintiff believes product formulations and sales data, and Defendant believes information reflecting Plaintiff's purchase(s) of the product, might allow them to more accurately assess the viability of their positions which should facilitate meaningful early settlement negotiations.

### 5. Brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement

The parties have not engaged in material settlement negotiations. Plaintiff has indicated a willingness to reach a resolution but believes any outcome must ensure the subject products' allegedly misleading representations are modified. Defendant is open to listening to Plaintiff's position; however, defendant objects to any demand that the subject products' labels be modified because its position is that they are accurate, non-misleading and in compliance with all relevant laws and regulations.

6. **Estimated Length of Trial**

The parties believe the estimated length of trial on this matter will be two weeks.

7. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Plaintiff believes the Court can assert jurisdiction over the non-New York putative class members and that Defendant's expected argument in opposition is not applicable to class actions, as opposed to mass torts.  Defendant seeks to vigorously defend its subject products.

The parties appreciate the opportunity to submit this letter and anticipate they will be able to cooperate informally in exchange of information and possible settlement positions. Because Defendant has not yet responded to the Complaint, and because of the COVID-19 restrictions currently in place, defendant requests that no formal discovery schedule or briefing schedule for any dispositive motion be issued until Defendant's motion to dismiss is adjudicated.  Plaintiff does not agree with defendant's request to stay formal discovery until Defendant's motion to dismiss is adjudicated.  However, the parties will attempt to resolve these issues prior to bringing them to the Court's attention.

Thank you.

Respectfully submitted,

 /s/Spencer Sheehan
Spencer Sheehan

**Certificate of Service**

I certify that on April 9, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan